**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------x
                              :
MARK MICHAUD                  :     Civ. No. 3:15CV01418(AWT)
                              :
v.                            :
                              :
USA, et al.                   :     October 13, 2017
                              :
------------------------------x
```

**ORDER**

After many months of wrangling, numerous conferences with the Court, and dozens of depositions, discovery in this matter is closed. There remain, however, two disputes before the Court, both of which are the subject of a Motion for Protective Order filed by defendant United States of America (the "USA"). See Doc. #123. Plaintiff Mark Michaud ("plaintiff") has filed a response, and the USA has filed a reply. See Docs. ##127, 131.

The USA seeks an order protecting it from responding to two discovery requests served by plaintiff in the waning days of discovery. The Court will address each in turn. First, the USA seeks protection from responding to two interrogatories and a request for production designed to obtain copies of any surveillance of plaintiff conducted by the USA from February 18, 2014, to the present. See Doc. #123-1. The USA argues that the requests, which were served on September 25, 2017, only four days before the close of discovery on September 29, 2017, were served "belatedly" and at "the absolute last minute[,]" "giving the

United States less than a week to respond to them[.]" Doc. #123 at 1, 5. The USA goes so far as to accuse plaintiff of "attempting to abuse the discovery process, annoy or harass the United States." Id. at 5.

The Court begins by stating for the record that it does not find that plaintiff is engaging in abuse of the discovery process.

In response to the USA's motion, plaintiff has informed the Court that a request for production was previously served on the USA, in February 2016, requesting "discoverable surveillance material" including "recordings by film, photograph, video tape, audio tape" or other means "of any party concerning this lawsuit or its subject matter[.]" Doc. #127. Plaintiff asserts that the USA objected to this request on various grounds, including that the request was "premature and subject to further discovery." Id. The Court is surprised that the USA did not bring this prior request to the Court's attention in its motion, given that the USA's motion is premised almost entirely on the theory that the September 25, 2017, requests relating to surveillance were served too late to require any response.

In its response to the Motion for Protective Order, plaintiff argues that even if the new requests are belated, the USA should at the very least be required to respond to the 2016 requests under its duty of continuing disclosure. See Fed. R.

Civ. P. 26(e)(1) ("A party who has made a disclosure under Rule 26(a) -- or who has responded to an interrogatory, request for production, or request for admission -- must supplement or correct its disclosure or response … in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect[.]"). Plaintiff further argues that he served these requests only after the depositions of both plaintiff and his wife had been completed, in accordance with Second Circuit case law on this issue. See Doc. 127 at 2-3.

It is well established that Rule 26 takes an expansive view of discovery. "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1)(A). But "[w]here the discovery is relevant, the burden is upon the party seeking non-disclosure or a protective order to show good cause." Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992).

Here, the only basis for the USA's assertion that the discovery sought would cause "annoyance, embarrassment, oppression, or undue burden" is that the USA "would like to devote it[s] resources to either attempting to settle this case,

move for summary judgment and/or prepare for trial." Doc. #123 at 6. This is not a sufficient basis to resist the discovery sought. Nor is the delay in serving these requests a sufficient reason to bar the discovery under these circumstances. See Solman v. Corl, No. 3:15CV01610(JCH), 2016 WL 6433829, at *3 (D. Conn. Oct. 31, 2016) (denying a protective order for lack of good cause where discovery requests were served at the end of discovery). Here, the requests were served just thirteen days after the deposition of plaintiff's wife.

In passing, the USA states that "surveillance activity, if it did exist, would not be discoverable unless it was slated to be used at trial." Doc. #123 at 5. However, the USA cannot indefinitely delay or avoid production simply because it has not yet "asserted that it has plans to use any surveillance material, to the extent it exist[s], at trial." Doc. #131 at 2. The USA cites three cases in support of this claim, none of which is persuasive here. In Marchello v. Chase Manhattan Auto Fin. Corp., the court denied a motion to compel production of surveillance materials, at that time, on the grounds of work product privilege -- which, significantly, is not asserted by the USA here. The court indicated, however, that the materials would be provided to the plaintiff in advance of trial. See Marchello v. Chase Manhattan Auto Fin. Corp., 219 F.R.D. 217, 220 (D. Conn. 2004). The Court sees no need for delay of disclosure in this matter, as

the USA has already had the opportunity to depose plaintiff and other affected persons. Donovan v. AXA Equitable Life Ins. Co., also cited by the USA, supports disclosure of surveillance materials if they are to be used at trial. See Donovan v. AXA Equitable Life Ins. Co., 252 F.R.D. 82, 82 (D. Mass. 2008). And the court in Weinhold v. Witte Heavy Lift, Inc. based its denial of a motion to compel the production of surveillance materials on the work product doctrine, which, as noted, the USA does not assert here.[1] See Weinhold v. Witte Heavy Lift, Inc., 90CV2096(PKL), 1994 WL 132392, at *3 (S.D.N.Y. Apr. 11, 1994).

Accordingly, the USA must respond to plaintiff's September discovery requests regarding surveillance if it intends to preserve the right to use any surveillance materials at trial. Disclosure of the materials is appropriate because it "will not only allow plaintiff to review the materials for authenticity and otherwise prepare effectively for trial, but it may also encourage settlement of the suit, a legitimate function of pre-trial discovery." Daniels v. Natl R.R. Passenger Corp., 110 F.R.D. 160, 161 (S.D.N.Y. 1986) (requiring defendant to produce all surveillance materials in its possession, not just those it

---

[1] "The burden of showing that a document is entitled to work product protection is on the party asserting it, and unless that party presents competent proof of circumstances showing the privilege should attach, protection must be denied." Hildebrand v. Wal-Mart Stores, Inc., 194 F.R.D. 432, 434-35 (D. Conn. 2000) (internal quotation marks and citation omitted).

intended to introduce at trial, after it had been afforded the opportunity to depose plaintiff and any other affected persons).

The Court turns next to the USA's request for an order protecting it from responding to plaintiff's requests for admission regarding the authenticity of medical records. These requests were propounded on September 28, 2017, just one day before the close of discovery. See Doc. #123 at 2. While plaintiff makes an appealing argument for the efficiency of requiring these admissions, he offers no explanation for the delay in serving these requests (in contrast to the delay in serving the surveillance requests until after the deposition of plaintiff's wife). The USA has argued that the records are voluminous, and that reviewing them would be burdensome. See Doc. #123 at 6, Doc. #131 at 2-3.

Requests for admissions may properly be used "to establish the genuineness of certain documents which [parties] contend prove their claims[.]" Caparelli v. Proceeds of Freight, 390 F. Supp. 1351, 1355 (S.D.N.Y. 1974). Indeed, Rule 36 expressly states that a request for admission may be used to determine "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)(B). However, here, plaintiff delayed until one day before the close of discovery before serving the requests for admissions. The records plaintiff seeks to authenticate are plaintiff's own medical records, which may be introduced at trial

by stipulation, by a certification, or through the treating provider, without these admissions. Thus, plaintiff will not be unduly prejudiced by being denied the admissions he seeks.

"In determining whether a discovery request is burdensome the court must weigh the burden to the producing party against the need of the party seeking the information." Cook v. United States, 109 F.R.D. 81, 85 (E.D.N.Y. 1985). Here, the burden to the USA of reviewing the medical records outweighs the need of plaintiff to receive the responses, as the medical records may be introduced at trial without these admissions. Accordingly, the protective order is granted as to the Requests for Admission.

For the reasons set forth above, the Court **GRANTS, in part, and DENIES, in part,** the USA's Motion for Protective Order. The motion is **DENIED** as to the surveillance discovery requests. The USA shall respond to the September discovery requests propounded by plaintiff regarding surveillance on or before **October 23, 2017,** either by providing responses to the requests, or by providing a certification that it will not use any surveillance responsive to the requests at trial, in any way, in its case in chief or in rebuttal. The motion is **GRANTED** as to the Requests for Admission. Plaintiff may file motions in limine to address issues regarding the admissibility of exhibits at trial.

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous"

statutory standard of review. <u>See</u> 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 13th day of October, 2017.

_____/s/_____

HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE
